UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LORI W. AUSTIN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-2060 AC P<br><br><br>ORDER |

### I. **Introduction**

Plaintiff is a state prisoner at California Men's Colony, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, challenging conditions of his prior confinement at the California Medical Facility (CMF), and a request to proceed in forma pauperis.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned grants plaintiff's application to proceed in forma pauperis and accords plaintiff the choice of proceeding on his original complaint against defendant Li only (and dismissing his putative claims against defendants Yee, Naidoo, Osman and Austin), OR filing a First Amended Complaint that attempts to add cognizable claims against the latter defendants.

**II.  In Forma Pauperis Application**

Plaintiff has submitted an affidavit and his prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2 (ECF No. 9 will be denied as duplicative). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must still pay the statutory filing fee of $350.00 for this action with periodic deductions from his prison trust account. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**III.  Screening of Plaintiff's Complaint**

    **A.  Legal Standards for Screening Prisoner Civil Rights Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.**     **Plaintiff's Allegations**

The court has reviewed plaintiff's complaint, ECF No. 1, and numerous additional filings, which are subtantially duplicative, see ECF Nos. 10-2, 15.[1]

The gravamen of the complaint is plaintiff's allegation that, on August 21, 2017, while incarcerated at CMF and receiving medical care at San Joaquin General Hospital, defendant correctional officer Li forced plaintiff to orally copulate him in a bathroom while defendant correctional officer Yee stood guard outside the door. Plaintiff alleges that defendant Li threatened plaintiff with disciplinary action if he did not comply. Plaintiff alleges that, upon his return to CMF the same day, he sought medical care from defendant S. Naidoo, RN, to whom he

---

[1] The court will not, at this time, direct the attachment of nonduplicative matters to the complaint, but may do so at a later point.

reported the alleged sexual assault. Plaintiff alleges that he told Naidoo he was throwing up blood as a result of the assault but Naidoo "willfully denied plaintiff medical care." ECF No. 1 at 2. Similarly, plaintiff alleges that when he was able to see a physician on August 31, 2017, he told defendant Dr. M. Osman about the assault and that he was throwing up blood, but Osman "willfully denied plaintiff medical care." Id. at 3. Plaintiff contends that neither medical provider adhered to the treatment guidelines established by the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30302-30309, as set forth in California's Correctional Health Care Services (CCHCS) guidelines. See ECF No. 11 at 29-34 (copy of CCHCS Vol.1, Chap. 16.2 (Prison Rape Elimination Act Procedure).

Plaintiff exhausted a related administrative appeal (Log. No. CMF HC 17044394) which, on September 20, 2017, was referred by Deputy Director J. Lewis to CMF's Chief Executive Officer to "[f]acilitate primary care provider evaluation as soon as possible to determine if there is any necessary follow up patient care indicated related to the alleged PREA incident on August 21, 2017," and to "ensure an adequate inquiry is conducted." ECF No. 1 at 6-7. The appeal was also referred to the Investigative Services Unit (ISU) to conduct a review pursuant to PREA guidelines (assigned Log No. CMF-PREA-17-8-046(S)). Id. at 6. Plaintiff named defendants Li, Naidoo and Osman in this appeal. See ECF No. 15 at 1-2.

The complaint names defendants Li, Yee, Naidoo, Osman and CMF "CEO Lori W. Austin." Plaintiff alleges that Austin failed to comply with the September 20, 2017 directive of Deputy Director J. Lewis to comply with CDCR's PREA policy. ECF No. 1 at 3.

Plaintiff has submitted numerous partial appeal decisions (including some that were construed as staff complaints rather than health care appeals), creating some confusion regarding his various other appeals and their exhaustion through the administrative appeals process.

### C. Analysis

The allegations of plaintiff's complaint state a cognizable Eighth Amendment sexual abuse claim against defendant Li. Sexual harassment or abuse of an inmate by a correctional officer violates the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012);

////

4

Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). Therefore this action may proceed on plaintiff's Eighth Amendment claim against defendant Li.

As for the claim against defendant Yee, the complaint does not allege that he was aware of Li's alleged abuse. Plaintiff alleges only, "C/O Yee stood outside the closed bathroom door at SJGH while his partner C/O Li sexually assaulted plaintiff inside the SJGH bathroom." ECF No. 1 at 3. This statement does not show that Yee had "a sufficiently culpable state of mind" to support a cognizable Eighth Amendment claim. See Hudson v. McMillan, 503 U.S. 1, 8 (1992). A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Unless plaintiff chooses to file an amended complaint plausibly alleging that defendant Yee had the requisite knowledge and mental state, Yee must be dismissed from this action.

The allegations that defendants Naidoo and Osman failed to comply with PREA requirements do not state a cognizable federal claim. PREA does not create a private right of action or a federal right enforceable under Section 1983. See e.g. Frost v. Watson, 2019 WL 2931939, at *3, 2019 U.S. Dist. LEXIS 112985 (E.D. Cal. Apr. 23, 2019) (Case No. 2:18-CV-3002 TLN CKD P) (collecting cases), report and recommendation adopted, 2019 WL 2913932, 2019 U.S. Dist. LEXIS 112986 (E.D. Cal. July 8, 2019); Crowder v. Diaz, 2019 WL 3892300, at *21, 2019 U.S. Dist. LEXIS 140306 (E.D. Cal. Aug. 19, 2019) (Case No. 2:17-CV-1657 TLN DMC P) (collecting cases) (report and recommendation).

Nor do the allegations of the complaint, as framed, state cognizable claims against defendants Naidoo or Osman for deliberate indifference to plaintiff's serious medical needs. To state a cognizable claim for deliberate indifference to serious medical needs, a prisoner must plausibly allege that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a

5

"sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). "[A] mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference. Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health." Toguchi v. Chung, 391 F.3d1051, 1058 (9th Cir. 2004) (internal citation, quotation marks and punctuation omitted). Plaintiff's allegations that defendants Naidoo and Osman "willfully denied [him] medical care" are insufficient to state claims for deliberate indifference to plaintiff's serious medical needs.

Finally, plaintiff's allegation that defendant Austin failed to comply with the September 20, 2017 directive of Deputy Director J. Lewis to comply with CDCR's PREA policy does not state a cognizable claim. The subject directive was issued two weeks before plaintiff filed his complaint. Notwithstanding threshold questions concerning Austin's supervisorial responsibilities and liability, it is clear that plaintiff could not possibly have exhausted an administrative appeal addressing his allegations against Austin before he filed his complaint. Thus, this is one of those rare cases in which dismissal of a defendant for non-exhaustion is appropriate upon screening. See 28 U.S.C. § 1915A(b)(1), and Fed. R. Civ. P. 12(b)(6); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

On the other hand, if plaintiff chooses to file an amended complaint, and has, by then, administratively exhausted his claims against Austin, they may be included in an amended complaint. See Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014) ("claims that arose as a cause of action prior to the filing of the initial complaint may be added to a complaint via an amendment, as long as they are administratively exhausted prior to the amendment"); Rhodes v. Robinson, 621 F.3d 1002,1007 (9th Cir. 2010) (new claims asserted in an amended complaint are to be considered by the court so long as plaintiff exhausted his administrative remedies with respect to those new claims before tendering the amended complaint to the court for filing).

Subject to these considerations, plaintiff will be given the choice between proceeding on his original complaint against defendant Li only, and dismissing defendants Yee, Naidoo, Osman

and Austin, **OR** filing a First Amended Complaint that attempts to add cognizable claims against the latter defendants.

### IV. Summary for Pro Se Plaintiff: Option to Proceed on Complaint or File FAC

Your complaint states an Eighth Amendment claim against defendant Li, but does not contain facts that state claims against the other named defendants.

You must decide whether you want to: (1) proceed with your original complaint against defendant Li only, and dismiss defendants Yee, Naidoo, Osman and Austin, **OR** (2) file a First Amended Complaint (FAC) that restates your claim against Li and also tries to fix the problems the court has identified with your claims against Yee, Naidoo, Osman and Austin.

If you file an FAC, it will take the place of the original complaint. An amended complaint must identify each claim, and explain exactly what each individual defendant did that violated your constitutional rights.

An FAC will be screened according to 28 U.S.C. § 1915A.

You are not obligated to file an FAC. You must indicate your choice on the enclosed form and return it within thirty (30) days.

### V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff's second request for leave to proceed in forma pauperis, ECF No. 9, is denied as duplicative.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. **Within thirty (30) days after service of this order**, plaintiff shall complete and return the attached "Notice of Election," indicating whether he chooses to proceed on his original complaint, as construed herein, OR file a First Amended Complaint (FAC).

5. Failure of plaintiff to timely respond to this order will result in the dismissal of this action without prejudice.

DATED: August 26, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>           Plaintiff,<br><br>    v.<br><br>LORI W. AUSTIN, et al.,<br><br>           Defendants. | No. 2:17-cv-2060 AC P<br><br>**NOTICE OF ELECTION** |

    In compliance with the court's order filed _____, plaintiff elects to:

_____ **Option 1**: Proceed on the original complaint on plaintiff's claim against defendant Li; and request the dismissal of defendants Yee, Naidoo, Osman and Austin.

**OR**

_____ **Option 2:** Proceed on a proposed First Amended Complaint (FAC), submitted herewith.

_____      _____
Date                                                                                              Plaintiff