UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>Plaintiff,<br><br>v.<br><br>LORI W. AUSTIN, et al.,<br><br>Defendants. | No. 2:17-cv-2060 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants request that a district judge rule on the dismissal of defendants Austin and Yee pursuant to Williams v. King, 875 F.3d 500 (9th Cir. 2017). See ECF No. 29. For the reasons that follow, the undersigned directs the Clerk of Court to randomly assign a district judge to this action and recommends the dismissal of defendants Austin and Yee.

The gravamen of the case is plaintiff's allegation that he was sexually assaulted by Correctional Officer Li. On initial screening pursuant to 28 U.S.C. § 1915A(a), the undersigned found that plaintiff had stated a claim against Li. ECF No. 19 at 4. The only allegation against defendant Yee was that he stood outside the closed bathroom door during the assault. The undersigned explained in the initial screening order that a failure-to-protect claim against Yee required additional factual allegations demonstrating Yee's knowledge of and disregard for the

////

danger to plaintiff's safety. In other words, plaintiff needed to provide facts demonstrating that Yee knew an assault was taking place. ECF No. 19 at 5.

Defendant Austin was identified in the complaint as the "CEO" of the prison. ECF No. 1 at 2. The complaint alleged only that she failed to follow a CDCR directive to comply with the Prison Rape Elimination Act. ECF No. 1 at 3. The undersigned found on screening that this allegation did not support any identifiable claim for relief. ECF No. 6. It was also noted that the matter was necessarily unexhausted, because plaintiff alleged failure to comply with a policy that had been announced only two weeks before the complaint was filed. Id.

Plaintiff was given a choice between (1) dismissing these and other defendants and proceeding immediately against Li, or (2) filing a First Amended Complaint (FAC) which attempted to state facts that could support claims against Yee, Austin, et al. Id. at 6-7. Plaintiff filed an FAC which made no charging allegations at all against either Yee or Austin. ECF No. 23. Because an amended complaint supersedes the original, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), it appeared that plaintiff had abandoned his putative claims against these defendants. Accordingly, the undersigned directed the Clerk to terminate Yee and Austin. ECF No. 24 at 2.

Defendant now seeks district court review of the "dismissal" of Yee and Austin. In Williams, supra, the Ninth Circuit clarified that all parties, including any unserved defendants, must consent for jurisdiction to vest in the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). See 875 F.3d at 503-04. None of the named defendants so consented in this case. As a result, a district judge must determine whether any defendants should be dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, for the reasons set forth above and explained in the undersigned's prior screening orders, IT IS HEREBY RECOMMENDED that defendants Yee and Austin be dismissed from this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE