UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LORI W. AUSTIN, et al.,<br><br>　　　　　　Defendants. | No. 2:17-cv-2060 JAM AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

### I. Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. The case proceeds on the Operative First Amended Complaint docketed September 13, 2019.[1] ECF No. 23. On November 6, 2019, defendants filed a motion to revoke plaintiff's in forma pauperis (IFP) status pursuant to the "three strikes rule" of 28 U.S.C. § 1915(g). ECF No. 30. Plaintiff opposes revocation of his IFP status. ECF No. 37.[2] Defendants have filed a reply. ECF No. 38.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned

---

[1] As ordered by this court, ECF No. 24 at 2, the Operative First Amended Complaint combines plaintiff's original complaint and exhibits (ECF No. 1, docketed October 4, 2017) with his First Amended Complaint, as originally filed (ECF No. 23 at 1-2, docketed September 13, 2019).

[2] Plaintiff's duplicate opposition, ECF No. 39, will be stricken.

1

recommends that defendants' motion be granted, and that plaintiff be ordered to pay the filing fee as a condition to proceeding further with this action.

## II. Legal Standards Governing In Forma Pauperis Status

Under the federal in forma pauperis statute, 28 U.S.C. § 1915, federal courts may authorize the commencement and prosecution of a civil suit without prepayment of fees if the plaintiff demonstrates by affidavit that he is unable to pay the fees. See 28 U.S.C. § 1915(a)(1). Incarcerated plaintiffs must also submit a copy of their prison trust account statement for the preceding six months that supports their claim of indigence. 28 U.S.C. § 1915(a)(2). If IFP status is granted, the fees are deducted from the prisoner's trust account periodically rather than as a lump sum. 28 U.S.C. § 1915(b).

However, IFP status may not be granted to a prisoner who has brought three prior federal cases that were dismissed as frivolous, malicious, or for failing to state a claim, unless the prisoner was under imminent danger of serious physical injury when he filed the complaint. As set forth in the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[T]he central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting Blakely v. Wards, 738 F.3d 607, 615 (4th Cir. 2013)). A claim is "frivolous" when it is without "basis in law or fact," and "malicious" when it is "filed with the intention or desire to harm another." Andrews v. King, 398 F.3d at 1121. "Failure to state a

claim" has the same meaning under § 1915(g) that it does under Federal Rule of Civil Procedure 12(b)(6). Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011).

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting Section 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id.

A "three-strikes litigant" under this provision is precluded from proceeding in forma pauperis in a new action unless he was "under imminent danger of serious physical injury" when he commenced the new action. 28 U.S.C. § 1915(g). "[I]t is the circumstances at the time of the filing of the complaint that matter for purposes of the 'imminent danger' exception to § 1915(g)." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, Andrews v. Cervantes, 493 F.3d at 1056. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11.

"[T]he three-strikes rule is a screening device that does not judge the merits of prisoners' lawsuits." Andrews v. Cervantes, 493 F.3d at 1050. The Ninth Circuit has "stress[ed] at the outset that § 1915(g) concerns only a threshold procedural question – whether the filing fee must be paid upfront or later. Separate PLRA provisions are directed at screening out meritless suits early on. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). . . . [W]e should not make an overly detailed inquiry into whether the allegations qualify for the exception[.]" Id. at 1055. "It is thus particularly important that the inquiry ordinarily be conducted through analysis of the prisoner's facial allegations and that these allegations be liberally construed. The inquiry is in essence administrative and may be conducted as such." Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015).

**III.     Plaintiff Accrued at Least Three Strikes Before Commencing This Action**

Defendants identify three cases plaintiff previously filed while incarcerated that they allege were dismissed for one or more of the qualifying reasons under 28 U.S.C. § 1915(g). The

3

court grants defendants' request for judicial notice of these cases.[3] See ECF No. 31 (request for judicial notice and exhibits). All three cases have previously been found to constitute strikes by a judge of the Northern District of California. Law v. Blandon, Case No. 1:14-cv-01943 RMI, 2018 WL 4407792, at *1, 2018 U.S. Dist. LEXIS 158359 (N.D. Cal. Sept. 17, 2018), appeal dismissed upon plaintiff's request, 2018 WL 6920382 (9th Cir. Nov. 14, 2018). The undersigned has also conducted an independent review of the original dockets and filings in these cases. For the reasons that follow, the court finds that each case counts as a "strike" under Section 1915(g).

### A.     Law v. Domico, Case No. 1:10-cv-02225 BAM (E.D. Cal.).

Plaintiff filed the complaint in this Section 1983 action while incarcerated in the Merced County Main Jail. Plaintiff challenged the alleged failure of his parole officer to protect him from anticipated assault by another prisoner about to be released on parole. Plaintiff sought, inter alia, to be paroled outside of California. See Law v. Domico, Case No. 1:10-cv-02225 BAM (E.D. Cal.), ECF No. 1. The district court dismissed the complaint with leave to amend for failure to state a cognizable federal claim, and informed plaintiff that failure to "file an amended complaint in compliance with this order" would result in the dismissal of the action "with prejudice, for failure to state a claim." Id., ECF No. 15 at 4-5. Plaintiff filed a First Amended Complaint (FAC), id., ECF No. 16, which was also dismissed with leave to amend for failure to state a cognizable claim, id., ECF No. 18. By order filed February 13, 2012, the court granted plaintiff "one final leave to file an amended complaint within thirty days," again stating that "[i]f Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim." Id. at 4, 5. On April 25, 2012, the magistrate judge dismissed the case with prejudice "based on Plaintiff's failure to state any claims upon which relief may be granted" and explicitly stated that the "dismissal is subject to the 'three-strikes' provision set forth in 28 U.S.C. § 1915(g)." Id., ECF No. 19 at 2.

---

[3] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

4

As noted by defendants, this case was dismissed by a magistrate judge before the Ninth Circuit's decision in Williams v. King, 875 F.3d 500, 504-05 (9th Cir. 2017), which held that a magistrate judge lacks authority to dismiss a case unless all parties have consented to proceed before the magistrate judge. Only plaintiff consented to the jurisdiction of the magistrate judge in Law v. Domico. Nevertheless, the Ninth Circuit recently held that a pre-Williams dismissal of an inmate suit by a magistrate judge without the consent of the defendant can count as a strike under 28 U.S.C. § 1915(g). Hoffmann v. Pulido, 928 F.3d 1147, 1150-51 (9th Cir. 2019).

Additionally, although it appears there were problems serving the court's February 13, 2012 order, service of documents at a pro se party's address of record is fully effective if the party failed to inform the court of his change of address. Local Rule 182(f).

For these reasons, particularly the district court's express findings that plaintiff's complaints failed to state a cognizable claim and should be subject to dismissal as a strike under § 1915(g), the undersigned finds that this case meets the requirements for a "strike" under § 1915(g).

### B. Law v. Green, Case No. 1:07-cv-1071 LJO DLB (E.D. Cal.)

While incarcerated at California State Prison Solano, plaintiff filed the complaint in this Section 1983 case seeking monetary damages from his Merced County Public Defender for alleged ineffective assistance of counsel. See Law v. Green, Case No. 1:07-cv-1071 LJO DLB (E.D. Cal.), ECF No. 1. On October 22, 2007, the district judge dismissed the complaint without leave to amend, id., ECF No. 10, adopting in full the recommendation of the magistrate judge that the complaint be dismissed "without leave to amend for failure to state a claim," id., ECF No. 8 at 3. It is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," and therefore may not be sued in a Section 1983 action. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Accordingly, the dismissal of this case for failure to state a claim also meets the requirements for a "strike" under § 1915(g).

////

### C. Law v. Benitez, Case No. 1:06-cv-01061 OWW LJO (E.D. Cal.)

Plaintiff filed the complaint in this action while a prisoner at the Substance Abuse Treatment Facility in Corcoran. The suit, filed pursuant to 42 U.S.C. § 1983, sought money damages from a gas station store clerk and the station owners based on the clerk's alleged assault of plaintiff several months before. See Law v. Benitez, Case No. 1:06-cv-01061 OWW LJO (E.D. Cal.), ECF No. 1. The magistrate judge dismissed the complaint with leave to amend, informing plaintiff that the complaint, as framed, failed to state a cognizable federal claim. Id., ECF No. 7. The court noted its concern that "plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex a defendant. Such attempt provides further grounds to dismiss plaintiff's complaint." Id., ECF No. 7 at 6. Upon screening plaintiff's amended complaint, which was premised on 42 U.S.C. § 1981, the magistrate recommended the dismissal of the action "without prejudice on grounds that the amended complaint fails to satisfy pleading requirements and to allege a cognizable section 1981 or otherwise valid claim and appears intended to vex defendants." Id., ECF No. 10 at 6. The district judge adopted the magistrate findings and recommendations on the same grounds. Id., ECF No. 11 at 2.

The Ninth Circuit has held that "a dismissal without prejudice may count as a strike." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citing Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) ("[A] dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."). In Law v. Benitez, the dismissal was based on plaintiff's failure to state a claim and his apparently vexatious motives. "A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process[.]" Smith v. Directors of the Enemy of Alien Control Unit of Dep't of Justice, 2007 WL 1655780, at *1, 2007 U.S. Dist. LEXIS 41460 (E.D. Cal. June 7, 2007) (dismissing complaint with prejudice as a strike under § 1915(g) based on findings that it "not only fails to state a claim upon which relief could be granted and is frivolous, but also is malicious and intended to abuse the judicial process") (citing Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint plainly abusive of the judicial process is properly typed malicious."), report and recommendation adopted, 2007 WL 1813018, 2007 U.S. Dist. LEXIS

45402 (E.D. Cal. June 22, 2007), aff'd, 321 Fed. Appx. 622 (9th Cir. 2009) (failure to state a claim). "A case is malicious if it was filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d at 1121 (quoting Webster's Third New International Dictionary 1367 (1993)).

Under this authority, the district court's assessment that plaintiff intended to vex defendants by commencing this case supports a finding of malice under § 1915(g). Therefore, the dismissal of this case on the grounds it failed to state a claim and appeared to be maliciously filed meets the requirements for a third "strike."

### D. Conclusion as to Strikes

Defendants have met their burden of producing documentary evidence demonstrating that plaintiff, while incarcerated, filed at least three prior actions that were dismissed for reasons constituting strikes under § 1915(g). Plaintiff does not contend that the dismissal of any of these cases should *not* count as a strike, only that he was under imminent danger of serious physical injury when he filed the original complaint in the instant action.

### IV. The Complaint Does Not Allege Facts Demonstrating That Plaintiff Was in Imminent Danger at the Time of Filing

This action proceeds on plaintiff's Eighth Amendment claim against defendant Correctional Officer Li for sexual abuse, and plaintiff's Eighth Amendment claims against defendants Dr. Osman and RN Naidoo for deliberate indifference to his serious medical needs. Plaintiff's original complaint is dated September 28, 2017 and was docketed on October 4, 2017. ECF No. 1 at 2. It alleges that Office Li sexually assaulted plaintiff on August 21, 2017. Li is alleged to have forced plaintiff to orally copulate him in a hospital bathroom. The complaint further alleges that the defendant health care providers failed to provide treatment despite plaintiff's reports that he was throwing up blood as the result of the assault. Id. at 2-5. Plaintiff, who has previously been found to be a third-striker,[4] affirmatively alleged that he was "under imminent danger of serious physical injury" at the time of filing "due to the fact, plaintiff is 'now'

---

[4] See Law v. Blandon, Case No. 1:14-cv-01943 RMI, 2018 WL 4407792, at *1, 2018 U.S. Dist. LEXIS 158359 (N.D. Cal. Sept. 17, 2018).

7

'throwing up' 'golfballs of blood' related to being (sexually assaulted)" on August 21, 2017. Id. at 5. Plaintiff also alleged that he continued to experience throat pain. Id. The First Amended Complaint reiterates these allegations. ECF No. 23. Both the original and amended complaints allege an imminent danger on the exclusive basis of continued vomiting of blood. ECF No. 1 at 5; ECF No. 23 at 7. For the first time in response to defendants' motion to revoke his IFP status, plaintiff asserts that he was in imminent danger of further sexual assault by Officer Li at the time the complaint was filed. ECF No. 37.

The statute's imminent danger exception applies where facts indicating imminent danger appear "on the face of the complaint." Andrews v. Cervantes, 493 F.3d at 1050; see also id. at 1055 ("exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); see also Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint...."); Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) ("[T]he issue [under § 1915(g)] is whether [plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury.").

The undersigned finds that the allegations of the complaint do not demonstrate an imminent danger. The act alleged to have caused physical injury happened more than a month before the complaint was filed. Given the specific sex act at issue, and its circumstances, persistent heavy bleeding for weeks afterward would be highly unusual and is therefore implausible.[5] Moreover, as defendants point out, the allegation of bleeding is contradicted by the exhibits plaintiff attached to the complaint, which include a medical report documenting an examination on the date of the alleged assault that identified no bleeding or other injuries. See ECF No. 1 at 12 (Medical Report of Injury of Unusual Occurrence).

---

[5] At the time of the alleged incident, plaintiff reported that Officer Li had forced plaintiff to give Li a blow job by threatening to write plaintiff up for a disciplinary violation if he did not do so. See ECF No. 1 at 12. This type of verbal coercion would certainly constitute a sexual assault and supports an Eighth Amendment claim. However, neither the complaint nor its attachments include any allegations involving the use of physical force or other circumstances that would reasonably account for serious physical injury to the victim, let alone weeks of vomiting blood after the alleged sex act.

8

Although pro se pleadings must be construed liberally, the court need not at this stage assume the truth of allegations that are implausible or contradicted by the record. See Andrews v. Cervantes, 493 F.3d at 1055, 1057 n.11; Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). Because plaintiff's allegations that he was throwing up "golfballs of blood" and experiencing throat pain as the result of a single act of oral sex more than a month earlier are implausible and are contradicted by plaintiff's own exhibits, the court finds that the allegations of the complaint do not establish an imminent danger at the time of filing.

Alternatively, even if plaintiff were continuing to experience bleeding at time the complaint was filed, an unhealed past injury is not the same thing as a threatened future injury or an ongoing injury. See Andrews v. Cervantes, 493 F.3d at 1056 (imminent danger means continuing danger or threatened injury). Without more, continued bleeding represents an ongoing consequence of a completed, past injury. That is insufficient to establish imminent danger within the meaning of Section 1915(g). See id. Plaintiff has not presented any facts regarding his physical condition during the month after the alleged assault which would show that continued bleeding indicated an imminent and dangerous threat to his health.[6]

Finally, even if it were proper as a general matter to consider facts not alleged in the complaint, the undersigned would not find plaintiff's allegations in opposition sufficiently credible to support application of the § 1915(g) exception. As defendants correctly contend, plaintiff did not assert that he faced "a high probability" of further sexual assault by Officer Li, see ECF No. 37 at 2, until *after* defendants' moving papers pointed out that no such allegation appeared in the pleadings, see ECF No. 30-1 at 6. The procedural posture of this new assertion, and the fact that plaintiff had not in the prior two years alleged something so obviously material to his case, cast significant doubt on the credibility of the claim.

---

[6] The court also notes that plaintiff has submitted medical documentation reflecting that he had a history of colon cancer and required an urgent colostomy reversal at around the time the complaint was filed. See ECF No. 8 (Exhibit) at 2. This medical history makes it even less plausible that any vomiting of blood was related to the alleged sexual assault that gives rise to this lawsuit. Such nexus between the substantive claims and the imminent danger is required. Akassy v. Hardy, 887 F.3d 91, 97 (2d Cir. 2018).

Wholly apart from credibility concerns, this newly asserted basis for an imminent danger exception fails because it is entirely conclusory. See Andrews v. Cervantes, 493 F.3d at 1050 n. 11 (court may reject assertions of danger that are speculative or conclusory); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (vague and conclusory assertions of harm are insufficient). Plaintiff asserts only that he was "living in fear of being sexually assaulted again" and that "because prison staff failed to respond after plaintiff put them on notice of the first sexual assault there was a high probability of plaintiff being sexually assaulted again by C/O Li." ECF No. 37. The court has been presented with no facts demonstrating Officer Li's continued proximity to plaintiff, or any objective facts or circumstances suggesting an ongoing danger of assault at the time the complaint was filed. Plaintiff's fear, no matter how real, does not demonstrate that an imminent threat or "high probability" of further sexual assault existed.

As previously noted, plaintiff was deemed a third-striker in the Northern District case Laws v. Blandon, Case No. 1:14-cv-01943 RMI (N.D. Cal.). In response to a motion to revoke his IFP status in that case, plaintiff made conclusory allegations of imminent danger that were not in the complaint. The district court reasoned as follows:

> In this action, plaintiff alleges that he was sexually assaulted by other detainees at some point between March 19, 2014, and March 24, 2014, at the county jail. He was released from custody at some point between March 25, 2014, and March 27, 2014. Before he could seek medical attention, he was rearrested and taken back into custody. Plaintiff alleges that after being taken to the jail he told the defendant in this case, a jail guard, that he needed medical care, but defendant failed to provide medical care. In response to this motion to dismiss, plaintiff argues that when he was taken back into custody he was suffering from a bleeding painful rectum and was therefore in danger of serious physical injury due to the lack of medical care. Plaintiff did not make this argument in either the complaint or amended complaint. He only presented this new argument for imminent danger several years after the case was filed.
>
> This conclusory statement with no support that he was in imminent danger is insufficient. [] When plaintiff filed his original complaint in April 2014, just a few weeks after the incident occurred, he did not seek any specific relief for medical injuries. Rather, he sought money damages and to be placed in Administrative Segregation for his safety. Plaintiff made no mention of needing specific medical help or of being at any further risk of injury due to the rape.
>
> In his amended complaint filed in July 2014, plaintiff again did not seek any specific relief for his injury or any specific treatment that

10

> would demonstrate an ongoing and dangerous medical problem that placed him under imminent danger of serious physical injury. At the time the complaint and amended complaints were filed, plaintiff argued extensively that he was in imminent danger because he had been placed in general population and that he was at risk because he was a snitch, a rape victim and a confidential informant for the Drug Enforcement Agency in Alabama in the 1990s. Plaintiff did not argue at that time that he was in imminent danger because of the injury from the rape.
>
> . . . [Plaintiff's] conclusory statements in his brief opposition fail to show that when he filed the complaint he was in imminent danger of serious physical injury due to the injury from the rape. Plaintiff presents no specific allegations that he needed but was denied certain medical treatment and that the denial of the treatment placed him in imminent danger of serious physical injury. Plaintiff has failed to show that the imminent danger exception applies in this case.

Law v. Blandon, Case No. 1:14-cv-01943 RMI, 2018 WL 4407792, 2018 U.S. Dist. LEXIS 158359 at *3-6 (N.D. Cal. Sept. 17, 2018).

The same reasoning applies here, though the circumstances are somewhat different. Here plaintiff did allege imminent danger in the complaint, on grounds of ongoing medical need. For the reasons already explained, however, plaintiff's allegations regarding his medical need in this case do not rise to level of imminent danger. As in Laws v. Blandon, plaintiff offered additional facts much later and in response to a specific argument under § 1915(g). As in Laws v. Blandon, those assertions are conclusory and fail to show that plaintiff was in imminent danger at the time he filed the complaint.

Because plaintiff has not presented a factual basis for the imminent danger exception on grounds of medical need or imminent risk of assault at the time of filing, the exception recognized in 28 U.S.C. 1915(g) does not apply. Accordingly, the undersigned will recommend that defendants' motion to revoke plaintiff's in forma pauperis status be granted, and plaintiff be required to pay the fees in this action before proceeding.

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike plaintiff's duplicate opposition, ECF No. 40, is GRANTED, and the Clerk of Court is directed to strike plaintiff's duplicate opposition at ECF No. 39.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status, ECF No. 30, be GRANTED;

2. Plaintiff be declared a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g);

3. Plaintiff's in forma pauperis status granted August 27, 2019, ECF No. 19, be revoked;

4. Plaintiff be ordered to pay the fees in this action ($400)[7] within sixty (60) days after the district judge adopts these findings and recommendations, as a condition to further proceed with this case; and

5. Plaintiff be informed that failure to timely pay the above-noted fees will result in the dismissal of this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[7] This amount reflects the $350.00 filing fee plus a $50.00 administrative fee. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.